UNITED STATES DISTRICT COURT                                              JS-6
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 14-9089-JFW (AJWx)**                          Date:  January 29, 2015

Title:     Deana Ressler -*v*- La Petite Academy, Inc., et al.

_____

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                          **None Present**
**Courtroom Deputy**                         **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                         None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
                                      CASE TO THE LOS ANGELES COUNTY SUPERIOR
                                      COURT [filed 12/24/15; Docket No. 15]**

        On December 24, 2014, Plaintiff Deanna Ressler ("Plaintiff") filed a Motion to Remand Case
to Los Angeles County Superior Court ("Motion").  On January 12, 2015, Defendants La Petite
Academy, Inc. ("LPA") and Jeana Courson (erroneously sued as "Jean Harris") ("Courson")
(collectively, "Defendants") filed their Opposition.  Plaintiff did not file a Reply.  Pursuant to Rule 78
of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is
appropriate for decision without oral argument.  The hearing calendared for February 2, 2015 is
hereby vacated and the matter taken off calendar. After considering the moving and opposing
papers, and the arguments therein, the Court rules as follows:


I.      **Factual and Procedural Background**

        On October 24, 2014, Plaintiff filed a Complaint against Defendants in Los Angeles County
Superior Court, alleging the following causes of action under California law: (1) disability
discrimination in violation of the Fair Employment and Housing Act ("FEHA"), California Government
Code §§ 12940 *et seq.*; (2) harassment based on disability in violation of FEHA, California
Government Code § 12940(j); (3) failure to maintain a discrimination free environment in violation of
FEHA, California Government Code § 12940(k); and (4) retaliation in violation of FEHA, California
Government Code § 12940(h).  In her Complaint, Plaintiff alleges that she was discriminated against
and harassed by LPA and Courson, her supervisor at LPA, because of a disability caused by an
injury that she sustained while at work, and that she was eventually terminated as a result of her
disability.  The only claim alleged against Courson is the claim for harassment based on disability.

        On November 25, 2014, Defendants filed a Notice of Removal of Civil Action to Federal Court
("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a),
arguing that Courson, a citizen of California, had been fraudulently joined, and, thus, that her

presence in the lawsuit should be ignored.

Plaintiff contends that Courson has not been fraudulently joined, and moves to remand the action.

## II.       Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

## III.      Discussion

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although both Plaintiff and Courson are citizens of California, Defendants contend that Courson has been fraudulently joined, and, thus, her presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant.  *See Plute*, 141 F. Supp. 2d at 1008.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so."  *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  *Plute*, 141 F.

Initials of Deputy Clerk  sr

Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*

In this case, Defendants candidly admit in their Opposition that a claim for harassment "when sufficient allegations have been pleaded, may be actionable against an individual supervisor." Opposition, 1:4-6.  Thus, with respect to Defendants' argument that Plaintiff has failed to state a claim for harassment based on disability against Courson (or that this claim is barred by the statute of limitations), the Court cannot conclude that Plaintiff has no possibility of prevailing on this claim. In addition, the Court concludes that Defendants' argument regarding the sufficiency of Plaintiff's allegations are better raised in a demurrer or motion to dismiss rather than a notice of removal. *See, e.g.,  Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend").

Defendants also contend that Plaintiff's harassment claim against Courson is barred by the doctrine of managerial privilege.  However, California law on the doctrine of managerial privilege is not as clear as Defendants claim.  *See, e.g., Hernandez v. Ignite Restaurant Group, Inc.*, 2013 WL 129286, at *3-5 (E.D. Cal. Jan. 9, 2013); *Huynh v. Vu*, 111 Cal. App. 4th 1183, 1194-1200 (2003). Indeed, the California Court of Appeal recognized in *Huynh v. Vu* that "[t]he scope of the manager's privilege, as developed under California's common law . . . is neither clear nor consistent." *Huynh*, 111 Cal. App. 4th at 1195.  In addition, "it is far from clear under California law whether the managerial privilege is an affirmative defense or part of the plaintiff's cause of action.  It is also uncertain whether the privilege, if any, is absolute or conditional.  What is clear from a review of cases . . . is that the question of the privilege as well as the claim itself is bound up in the conduct of the defendant and is thoroughly fact intensive." *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172, 1180 (N.D. Cal. 2003) (internal citations omitted).

Therefore, the Court concludes that Defendants have not met their heavy burden of demonstrating, under settled laws of California, that Courson was fraudulently joined.  Accordingly, the Court cannot disregard Courson's citizenship, and, thus, this Court lacks subject matter jurisdiction over this action.  *See, e.g., Mariano v. United Parcel Service, Inc.*, 2013 WL 3795709 (S.D. Cal. July 18, 2013) (remanding action to San Diego Superior Court because scope and application of managerial privilege under California law was unclear, and any deficiencies in allegations in the plaintiff's complaint could possibly be cured by amendment).

## IV.    Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**.  This action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_